# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARSHA ELLIOTT,

        Plaintiff(s),

v.

TARGET CORPORATION,

        Defendant(s).

2:11-CV-1215 JCM (NJK)

**ORDER**

Presently before the court is defendant's motion *in limine* to preclude plaintiff's claim for lost income. (Doc. # 42). There is no response.

Also before the court is defendant's motion *in limine* to limit plaintiff's claim for past damages. (Doc. # 43). Plaintiff filed a response in opposition. (Doc. # 47).

Also before the court is defendant's motion *in limine* to preclude plaintiff's claim for future damages. (Doc. # 44). There is no response.

Also before the court is defendant's motion *in limine* to exclude all references and/or statements that defendant is avoiding responsibility for the subject incident. (Doc. # 45). Plaintiff filed a response in opposition. (Doc. # 49).

Also before the court is defendant's motion *in limine* to limit evidence and argument regarding duty and breach. (Doc. # 46). Plaintiff filed a response in opposition. (Doc. # 48).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**I.     Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

**II.    Discussion**

The court will address each of the arguments in turn. Additionally, the court will address only the facts necessary to resolve the instant motions *in limine*.

   *A.     MIL # 1*

Defendant seeks an order precluding plaintiff from presenting any claim for lost income. Defendant argues that plaintiff's claim is speculative in nature, plaintiff has no evidence to demonstrate the amount of lost income sustained, and plaintiff did not designate an expert to offer any opinions as to the amount of lost income.

At the time of the incident, plaintiff worked for Southwest Airlines as a flight attendant. Plaintiff asserts that she missed 1,226 hours of work, which resulted in lost wages of over $70,000. Additionally, plaintiff asserts she lost company 401(k) matches of approximately $11,000.

. . .

1    Plaintiff earns pay based on the miles she flies, not on hours worked. Defendant essentially
2  argues that there is no direct evidence of the amount of miles plaintiff would have flown, and, in
3  turn, the amount of income she would have received from those miles. Defendant also argues that
4  plaintiff's income never reached $70,000 as a flight attendant, so plaintiff can not argue that $70,000
5  is the amount of her lost income. Finally, defendant argues that the jury would not be able to do the
6  math to come up with a damages figure since the jury could not just multiply hourly pay times hours
7  missed to arrive at a figure.

8    The court finds defendant's arguments unpersuasive. Plaintiff has put on evidence that she
9  was employed at the time of the incident and that she missed time from work allegedly due to the
10 injury. If defendant believes that plaintiff exaggerates her damages figure then defendant may make
11 that argument to the jury. The is nothing for the court to do on this issue at this time. Finally, the
12 court finds that the jury, if it finds liability, will be able to compute a damages figure as juries do
13 across the country all the time.

14   The motion *in limine* (doc. # 42) is DENIED.

15   B.    MIL # 2

16   The subject incident occurred on September 28, 2009. Plaintiff suffered a foot injury
17 allegedly due to Target's negligence. On September 2, 2010, plaintiff saw her treating physician for
18 her injuries for the last time.

19   Defendant moves the court for an order prohibiting three types of damages: (1) medical
20 expenses occurred after September 2, 2010; lost wages that occurred after September 2, 2010; and,
21 pain and suffering that occurred after September 2, 2010.

22   Plaintiff will not seek damages for any medical expenses or lost wages occurring after
23 September 2, 2010, because there were none. However, plaintiff intends to offer evidence, plaintiff's
24 own statements, about her pain and suffering after September 2, 2010. This is permissible under
25 Federal Rule of Evidence 701.

26   The court finds that plaintiff may not seek damages for any medical expenses or lost wages
27 after September 2, 2010, based on the alleged injury in this case. However, plaintiff may offer to
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

the jury her personal statements regarding her pain and suffering. *See* Fed. R. Evid. 701.

The motion *in limine* (doc. # 43) is GRANTED in part and DENIED in part.

C.  MIL # 3

The third motion *in limine* seeks an order from the court very similar in scope to the second motion *in limine*. Defendant seeks an order from the court prohibiting plaintiff from seeking damages for future medical expenses, future lost wages, and future pain and suffering. Plaintiff did not file a response.

The outcome of this motion *in limine* is the same as motion *in limine* number two. Plaintiff may not seek damages for future medical expenses or future lost wages because plaintiff has provided no evidence that her injury will require future medical attention or that she will miss work in the future because of her alleged injuries. However, plaintiff may offer her own opinion testimony about her future pain and suffering. *See* Fed. R. Evid. 701.

The motion in limine (doc. # 44) is GRANTED in part and DENIED in part.

D.  MIL # 4

Defendant's fourth motion in limine seeks an order from the court prohibiting the plaintiff from making arguments in opening or closing statements that defendant is "avoiding responsibility" by going to trial. Defendant also seeks an order from the court prohibiting plaintiff from making "send a message" statements or any other improper statements during opening and closing statements.

Plaintiff responds by arguing that it will present evidence that defendant was negligent, and defendant's negligence caused plaintiff's injury. After presenting such evidence, plaintiff states that it will make an argument to the jury to not let the defendant "avoid responsibility" by not paying for the harm it caused to plaintiff. Further, plaintiff seeks an order from the court prohibiting defendant from making any improper statements during opening or closing statements.

As an initial matter, "[t]he court will conduct the trial pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The court expects the parties to adhere to these rules." *Conboy v. Wynn Las Vegas, LLC*, no. 2:11-cv-1649-JCM, 2013 WL 1701073, at *11 (D. Nev. April

- 4 -

1  18, 2013).

2  Plaintiff may not argue to the jury that defendant is "avoiding responsibility" by electing to
3  proceed to trial.  If plaintiff presents evidence that the defendant may have been negligent then
4  plaintiff may characterize that evidence as she wishes, provided that no statements are improper.
5  *See Jain v. McFarland*, 851 P.2d 450, 457 (Nev. 1993) ("Counsel is allowed to argue any reasonable
6  inferences from the evidence the parties have presented at trial.  During closing argument, trial
7  counsel enjoys wide latitude in arguing facts and drawing inferences from the evidence.") (internal
8  citations omitted)

9  However, neither party may make improper comments during opening or closing, especially
10 if the statements are unsupported by any evidence.  *E.g., Alexander v. Wal-Mart Stores, Inc.*, no.
11 2:11-cv-752-JCM, 2013 WL 427132, at *5-6 (D. Nev. Feb. 1, 2013); *see also Lioce v. Cohen*, 174
12 P.3d 970, 984 (Nev. 2008) ("An attorney may not make a golden rule argument, which is an
13 argument asking jurors to place themselves in the position of one of the parties.  Golden rule
14 arguments are improper because they infect the jury's objectivity."); *DeJesus v. Flick*, 7 P.3d 459
15 (Nev. 2000) (providing examples of attorney "arguments to the jury [that] far exceeded the
16 boundaries of professional conduct"), *overruled on other grounds by Lioce v. Cohen*, 174 P.3d 970
17 (Nev. 2008).

18 The motion *in limine* (doc. #45)  is GRANTED in part and DENIED in part.

19 E.  MIL # 5

20 Defendant's final motion *in limine* seeks an order from the court prohibiting plaintiff from
21 presenting certain evidence and arguments about defendant's alleged breach and duty.  Defendant
22 attempts to reargue much of the merits of its summary judgment motion, which this court has already
23 denied.  *See Elliot v. Target Corp.*, no. 11-cv-1125, 2012 WL 3278629 (D. Nev. Aug. 9, 2012).

24 Plaintiff allegedly injured her foot while attempting to reach a mop hook.  While plaintiff
25 reached to grab the hook she wished to purchase, it became entangled in the stacked wire shelves,
26 causing a shelf to fall on her foot.  In the order denying summary judgment, this court stated that
27 "Target's vertical stacking of the wire shelving, on an unsecured display, in close proximity to goods

28

**James C. Mahan**
**U.S. District Judge**

1 that may easily be caught on the tines of the wire shelf could be viewed by a jury as an unreasonably
2 dangerous stocking technique." Elliot, 2012 WL 3278629, at *5.

3       Defendant now argues that plaintiff never designated an expert to testify that the method of
4 display was unreasonably dangerous. Defendant argues that this failure limits plaintiff in two ways.
5 First, plaintiff should not be allowed to argue that the display was unreasonably dangerous for any
6 of the following reasons: (1) because other retailers might display the items differently; (2) because
7 there might be better or safer ways to display items; and, (3) defendant did not comply with industry
8 standards. Defendant has provided no case law citations for these proposition. Additionally, the
9 court has already held in the order at summary judgment that the jury must determine the factual
10 issue of whether the wire shelving was unreasonably dangerous. Plaintiff may present her evidence
11 that the wire shelving was unreasonably dangerous, provided that evidence complies with the federal
12 rules.

13       Second, defendant argues that plaintiff should not be allowed to testify that in her opinion
14 of the items was unreasonably dangerous because she is not an expert. Plaintiff counters by arguing
15 that it is her theory of the case that defendant's negligence created a foreseeable hazard and that
16 ordinary care means what a prudent person or entity would do in the same situation as defendant.
17 Plaintiff moves the court to permit her to testify the way the shelves were stocked and what occurred
18 when she attempted to retrieve items above the shelving.

19       The court finds that the lack of an "expert" in stocking shelves does not preclude a jury from
20 determining whether the shelves were stocked in an unreasonably dangerous manner. Plaintiff,
21 pursuant to Rule 701, may present her own opinions and evidence of the events that led to her foot
22 injury at Target.

23       This is as far as the court may go prior to trial. The court will enforce the Federal Rules of
24 Evidence. Either party may make specific objections that party believes are warranted during the
25 course of the trial.

26       The motion *in limine* (doc. # 46) is GRANTED in part and DENIED in part
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that defendant's motion *in limine* (doc. # 42) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that defendant's motion *in limine* (doc. # 43) be, and the same hereby, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendant's motion *in limine* (doc. # 44) be, and the same hereby, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendant's motion *in limine* (doc. # 45) be, and the same hereby, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendant's motion *in limine* (doc. # 46) be, and the same hereby, is GRANTED in part and DENIED in part.

DATED May 16, 2013.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE